MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Therese K. and Victor T., who are the biological parents of the minor child, Jennifer; and Therese K., as she is the only known parent of the minor child, Jonathan. The minor children are presently nine and seven years of age, respectively. They have lived for the past four years with separate specialized care foster parents who wish to adopt them if the parents' rights are terminated. The children, by all accounts, have special needs resulting from genetic and environmental problems of their early childhood with their natural mother.
The mother does not object to the termination of her parental rights. A Consent to Terminate Parental Rights was filed by Therese on the morning of the first day set for trial. Her consent was found to be voluntarily and knowingly made with the advice and assistance of competent legal counsel and with a full understanding of the consequences of her consent; i.e., the adoption of her children. The children themselves vigorously wish to be adopted.
The court finds that the father has failed to appear for trial. The father has been served, had counsel appointed and appeared for an initial court hearing in the child protection case.
The representation of the fathers deserves special comment. The father of the minor child, Jonathan is unknown. The mother indicates that, on a date with a man named Mike, whose last name or place of address is unknown, mother was sexually assaulted. The assault resulted in a pregnancy. The male biological parent does not know of the existence of this child, and all attempts to CT Page 8754 ascertain the person and address of this male have been unsuccessful. The court specifically finds that the appointment of counsel would serve no useful purpose.
With respect to the father of Jennifer, her father appeared in court for an initial hearing on the neglect petition. Counsel was appointed. The attorney, who dutifully continued to represent the father, got Victor enrolled, through a friend, at a trade school. Victor completed the course in auto mechanics. His attorney was instrumental in getting Victor a job at an automotive agency. Victor lost that job by failing to come to work.
Victor's arrest record is impressive. He has had twenty-six arrests between 1978 and 1997. Most of the charges involve drugs, assaults and larcenies. Many have resulted in incarceration. His attorney advised the court that he last had a telephone call from his client in November of 1995, at which time his client was willing to consent to a termination of his parental rights if it did not prejudice the mother's case for reunification. Neither the attorney, DCF nor the foster parents have heard from the father in the past two years. The court finds that he has actual notice of the pendency of this case, knows of the appointment of counsel and has defaulted in his attendance at trial.
The court has jurisdiction in this matter; there is no pending action affecting custody of the children in any other court and reasonable efforts have been made to reunify this family.
The court, having read the file, the verified petitions, the social studies, the various documents entered into evidence and having heard the testimony of two case workers, makes the following findings by clear and convincing evidence.
The children came into the care of the Department of Children and Families ("DCF"), then known as the Department of Children and Youth Services, on January 19, 1993, when the police conducted a raid on the mother's apartment and found six hundred bags of heroin in the children's bedroom hidden in their clothing and under their mattresses. None of the mother's relatives would offer to care for the children. Mother was sent to jail and signed a voluntary placement agreement for the children.
Victor T. has never provided any care for the children as far CT Page 8755 as is known. Mother reported him to be a heroin and cocaine abuser with a history of drug addiction and incarcerations. That report is consistent with his police record (Petitioner's Exhibit #8). While he is aware of the fact that his child is in the care of DCF, he has not contacted his child or the agency to inquire about the child. At an initial court appearance, Victor signed expectations to be performed by him which could lead him to a responsible role in the life of his child. He has ignored or violated all of the expectations.
ADJUDICATION
With respect to the statutory grounds for termination of parental rights, the court finds by clear and convincing evidence that these children were previously found to be have been neglected on August 25, 1993 (McWeeny, J.). The mother has consented to the termination of her parental rights and this consent has been accepted by the court. The children have been abandoned by their male biological parents in the sense that the male parents have failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of their children. G.S. 17a-112(c)(3)(A). The court further finds the father, Victor T., has failed to achieve such a degree of personal rehabilitation as would encourage the belief that within a reasonable time, considering the age and needs of the child, he could assume a responsible position in the life of this child, Jennifer. G.S. § 17a-112(c)(3)(B). The court finds that these grounds have existed for more than one year.
MANDATORY FINDINGS § 17a-112(e)
With respect to the mandatory factual findings required by General Statutes § 17a-112(e), except in the case where termination is based on consent:
1) The timeliness, nature and extend of services offered. The court finds that parental and counseling services were offered, visitation was offered and specialized foster care was provided by DCF.
2) Whether DCF has made reasonable efforts to reunite the family pursuant to the Adoption Assistance and Child Welfare Act of 1980. The fathers have had more than enough time to demonstrate their desire and concern for reunification and to achieve rehabilitation. Neither father demonstrated any concern CT Page 8756 in parenting and neither parent made himself available for the delivery of reunification services.
3) The terms of applicable orders entered into and agreed to by any individual or agency and extent of fulfillment of those obligations, etc. The court finds that the father, Victor T., did not fulfill or comply with the expectations.
4) The feelings and emotional ties of the child with respect to the parents and foster parents, etc. The court finds that the children are each bonded to their present foster family, and that no presently existing emotional bonds will be broken by termination of the parents' rights.
5) As to the age of the children. The children are nine and seven years of age. Our Supreme Court has long recognized the deleterious effect of prolonged temporary care of abused and neglected children. In re Juvenile Appeal (84-CD), 189 Conn. 276
(1983). The Appellate Court has also correctly noted, "[b]ecause of the psychological effects of prolonged termination proceedings on young children, time is of the essence . . ." In re AlexanderV., 25 Conn. App. 741, 748, 596 A.2d 930 (1992); see generally, JOSEPH GOLDSTEIN, ET AL., BEYOND THE BEST INTERESTS OF THE CHILD 99 (1979).
6) The efforts the parent have made to adjust their circumstances or conditions to make it in the best interest of the children to return them to their home in the foreseeable future, including but not limited to (A) the parent has maintained contact with the children and (B) contacts with the guardian or other custodian: The court finds that the fathers have been unsuccessful in making any meaningful attempt to adjust their circumstances, conduct or condition to facilitate reunification and have not maintained contact with the children or the foster family. The mother has clearly acted in the children's best interest by consenting to the termination of her parental rights.
7) The court finds that there has been nothing to prevent the parents from maintaining a meaningful relationship with the children. There was no unreasonable conduct noted by DCF.
DISPOSITION
Based upon the foregoing findings, the court determines that CT Page 8757 it is in the children's best interest for a termination of parental rights to enter with respect to the mother Therese K. and the male biological parents and accordingly a termination of their parental rights is ordered. It is further ordered that the Commissioner of DCF is appointed statutory parent for these children for the purpose of securing an adoptive family. If the foster parents are willing to adopt, it is the court's direction that they receive first consideration. The commissioner shall file with this court no later than 90 days following the date of judgment a written report of efforts to effect such permanent placement and file further reports as are required by State and federal law.
Francis J. Foley, Presiding Judge Child Protection Session